IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LASTARZA R. THOMAS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-307 (MTT) (CHW) |
| | : | |
| Warden DOUG WILLIAMS, | : | Proceedings under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## RECOMMENDATION TO DISMISS UNTIMELY PETITION

A Bibb County jury convicted Petitioner Lastarza R. Thomas of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony on February 22, 2006, sentencing him to life plus twenty-five years. *See Thomas v. State*, 284 Ga. 647 n.1 (2008). The Georgia Supreme Court affirmed Petitioner's conviction on November 17, 2008, *id.*, and Petitioner did not seek certiorari review before the United States Supreme Court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on Section 2254 petitioners. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, this limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA further provides that the "time during which a properly filed application for State post-conviction or collateral review . . . is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

In this case, under 28 U.S.C. § 2244(d)(1)(A) at least, the instant Petition is clearly untimely, as Petitioner himself acknowledges. *See* (Doc. 1, p. 14) ("This Petition is being filed outside of the one year limitation of AEDPA"). Petitioner's February 22, 2006 conviction

became "final" on February 17, 2009, 90 days after the Georgia Supreme Court affirmed Petitioner's conviction on November 17, 2008, when the time for seeking review before the United States Supreme Court expired. *See e.g.*, *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) (citing U.S. Sup.Ct. R. 13.1). Petitioner tolled the limitations period at 227 days by filing a state habeas corpus petition on October 2, 2009, (Doc. 9-2), but after that Petition was denied on March 5, 2010, (Doc. 9-4), AEDPA's clock began to run again on April 6, 2010, after the 30-day period for seeking review before the Georgia Supreme Court ended,[1] and it expired on September 14, 2010, well before Petitioner filed the instant Section 2254 petition in August 2014.

Citing *Hinton v. Alabama*, 134 S.Ct. 1081 (2014), Petitioner argues that his petition is timely under 28 U.S.C. § 2244(d)(1)(C). (Docs. 11, 12). That provision, however, does not apply. Section 2244(d)(1)(C) provides that AEDPA's limitations period will run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court." *See also In re Henry*, 757 F.3d 1151, 1158 (11th Cir. 2014) ("a case announces a new rule if the result was not *dictated* by precedent existing when the defendant's conviction became final") (*citing Teague v. Lane*, 489 U.S. 288 (1989)). No new right was recognized in *Hinton v. Alabama*, though, and indeed the *Hinton* Court expressly noted that its decision was a "straight forward application of [existing] ineffective-assistance-of-counsel precedents." 134 S.Ct. at 1088. Nor is there any reason to equitably toll AEDPA's limitations period because Petitioner has demonstrated neither (1) that he has been pursuing his rights diligently, nor (2) that some extraordinary circumstance stood in his way. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

---

[1] *See Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004).

Accordingly, it is **RECOMMENDED** that Respondent's Motion to Dismiss, (Doc.8), be **GRANTED**, and that the instant Petition be **DISMISSED**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 24th day of March, 2015.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge